**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SPD, LLC, an Illinois limited liability company; and FULTON BOULDIN, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.: **1:15-cv-1443** |
| vs. | ) ) | **JURY TRIAL DEMANDED** |
| FIRST BANKS, INC., a Missouri corporation, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR SANCTIONS**

NOW COME the Plaintiffs, SPD, LLC, an Illinois limited liability company and FULTON BOULDIN, an individual (hereinafter collectively referred to as the "Plaintiffs"), by and through their attorneys, JOHNSON LAW, LLC, for their Response in Opposition to the Motion for Sanctions filed by Defendant FIRST BANKS, INC., a Missouri corporation (hereinafter referred to as "Defendant"), and in support thereof, state as follows:

**FACTUAL BACKGROUND**

1.      On October 28, 2015, Plaintiffs filed their Amended Verified Complaint at Law against Defendant.

2.      On December 3, 2015, Defendant, FIRST BANKS, INC., a Missouri corporation, filed its Motion to Dismiss Plaintiffs' Amended Verified Complaint at Law and its Memorandum in Support of its Motion to Dismiss, whereupon this Honorable Court granted Plaintiffs until December 21, 2015 to file their response.

3.      On December 21, 2015, upon mutual agreement of the parties, Plaintiffs filed their Motion for an Extension of Time

4.      On December 22, 2015, this Honorable Court entered an order permitting Plaintiffs until January 8, 2016 to file a response to Defendant's Motion to Dismiss.

5.      On January 7, 2016, Plaintiffs filed their Motion for Leave to File Document Under Seal, whereupon Plaintiffs requested to file under seal a non-redacted copy of the Forbearance and Loan Workout Agreement (hereinafter referred to as the "Forbearance Agreement"), which Plaintiffs initially filed in redacted form as Exhibit A to their Amended Verified Complaint at Law (hereinafter referred to as the "Amended Complaint").

6.      On January 7, 2016, this Honorable Court entered an Order that stated, in pertinent part, "As a redacted version of this document is already in the file as an exhibit to the amended complaint, it need not be refiled in redacted form but may simply be referenced by its location in the record."

7.      On January 8, 2016, Plaintiffs respectfully requested that this Honorable Court clarify its January 7, 2016 Order.

8.      On January 12, 2016, this Honorable Court entered an Order directing Plaintiffs seven (7) days therefrom to file the non-redacted Forbearance Agreement under seal and their Response to Defendant's Motion to Dismiss.

9.      On January 19, 2016, Plaintiffs filed their Response to Defendant's Motion to Dismiss.

10.     On January 27, 2016, Defendant filed its Motion for Sanctions.

11.     On March 4, 2016, this Honorable Court directed Plaintiffs' counsel to "file a motion for leave to respond to Defendants pending Motion to Dismiss."

12.     Soon thereafter, this Honorable Court granted Plaintiffs' motion, over Defendants' objection, and granted until March 25, 2016 to file a Response to Defendant's Motion for Sanctions.

## ARGUMENT

13.     Defendant's Motion for Sanctions is nothing more than a veiled argument already seen in Defendant's Motion to Dismiss Plaintiffs' Amended Complaint.

14.     Defendant cites to language in *Eastway Const. Corp v. City of New York.*, which states, "Rule 11 requires an attorney to make a reasonable inquiry into the legal and factual basis of any pleading before filing it in court.  A violation exists where after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is grounded in fact or law." *Eastway Const. Corp v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985).

15.     Plaintiffs filed all their pleadings in good faith and after reasonable inquiry.

16.     After thorough legal research, and numerous correspondence with Fulton Bouldin (hereinafter referred to as "Mr. Bouldin"), Plaintiffs' counsel submitted their Amended Complaint.

17.     Plaintiffs have met the standards imposed by Rule 11.

A.     **Plaintiffs Pleadings Are Well Ground In Fact**

18.     Contrary to Defendant's argument, all of Plaintiffs' pleadings are well grounded in fact.

19.     Defendant cites to two (2) specific facts, among others[1] for its reason to impose sanctions.

20.     These facts are that Plaintiffs "were given three (3) days to sign the Forbearance Agreement, leaving insufficient opportunity to seek legal advice." [¶55] and that Plaintiffs were actually represented by an attorney during the negotiations of the Forbearance Agreement. *See* Defendant's Motion for Sanctions ¶35 A and B.

21.     The first fact that Defendant relies upon is explainable.

22.     Plaintiff did not fully detail the factual situation in their Amended Complaint.

---

[1] As Plaintiff knows its facts to be well ground, Plaintiffs cannot begin to comprehend how to respond to this statement.

23.     While Counsel for Defendant may allege that the documents were sent to Plaintiffs' former counsel three (3) weeks prior to the execution date, that is not germane to the facts.

24.     Plaintiffs' counsel during the negotiations did receive the Forbearance Agreement, but he, however, only gave Plaintiffs three (3) days to review and execute the Forbearance Agreement.  *See* Affidavit of Fulton Bouldin attached here to as **Exhibit A**.

25.     The second fact that Defendant relies upon, is that "Plaintiffs were actually represented by attorney Charles E. Covey, who actively negotiated the terms of the Forbearance Agreement and Foreclosure Documents."

26.     While it is true that Plaintiffs had counsel representing them during the negotiations, due to the short time frame Plaintiffs were given, the only attorney they had any comfort with was a bankruptcy attorney Mr. Bouldin knew.

27.     This counsel did not provide sufficient legal advice to Plaintiffs.

28.     As a result, Plaintiffs signed a Forbearance Agreement that no competent attorney[2] would have advised them to sign.

29.     As such, the Amended Complaint was well grounded in fact.

30.     Therefore, the imposition of sanctions is unwarranted.

**B.      Plaintiffs Pleadings Are Well Ground In Law**

31.     Defendant cites to one (1) of Plaintiffs causes of actions, among others[3] as its basis for the imposition of Rule 11 sanctions.

32.     Specifically, Defendant states that Plaintiffs could not provide

33.     At the time of filing the Amended Complaint, Plaintiffs strongly believed that based on the law, Mr. Bouldin qualifies as a consumer under the Consumer Fraud Act.

---

[2] Competent in this setting means knowledge of Forbearance Agreements, foreclosure law, and the foreclosure process.
[3] Again, Plaintiff knows their pleading was well grounded in the law, and as such, cannot begin to anticipate what Defendant means by this statement.

34.     While Plaintiffs did not respond directly to Defendant's allegations that Mr. Bouldin did not qualify as a consumer, that is because Plaintiffs strongly believe their pleadings have adequately shown Mr. Bouldin to be a consumer as defined by the Consumer Fraud Act.

35.     The final arbiter as to whether the facts and law establish whether Mr. Bouldin is a consumer under the Consumer Fraud Act is this Honorable Court.

36.     As such, Plaintiffs' legal theory was well grounded.

37.     Therefore, the imposition of sanctions is unwarranted.

WHEREFORE, Plaintiffs SPD, LLC, an Illinois limited liability company and FULTON BOULDIN, an individual, respectfully request that this Honorable Court enter an order denying Defendant's Motion for Sanctions, and for all other relief this Honorable Court deems fair and just.

Dated: March 25, 2016

                                        Respectfully submitted,

                              By:     /s/ Tige C. Johnson
                                      Tige C. Johnson
                                      JOHNSON LAW, LLC
                                      120 West Madison Street
                                      Suite 600
                                      Chicago, Illinois 60602
                                      312.456.9300
                                      Atty. No.: 6271255
                                      JL File No.: 2015 PLF 1015

                                      *Attorney for Plaintiffs*
                                      *SPD, LLC, an Illinois limited liability company*
                                      *Fulton Bouldin, an individual*

### CERTIFICATE OF SERVICE

I, Tige C. Johnson, an attorney, certify that I caused a true and correct copy of the attached **Plaintiffs' Response in Opposition to Defendant's Motion for Sanctions**, to be served on the following person(s) by Regular U.S. mail, postage prepaid, by depositing the same in the U.S. mail at 120 West Madison Street, Chicago, Illinois 60602 at or before the hour of 5:00 p.m. on March 25, 2016:

**Counsel for Defendant FIRST BANKS,
INC., a Missouri corporation,**

Michael A. Campbell
Polsinelli, P.C.
100 South Fourth Street
Suite 1000
St. Louis, Missouri 63102

Respectfully submitted,

/s/ Tige C. Johnson
Tige C. Johnson

JOHNSON LAW, LLC
The Republic Bank Building
120 West Madison Street
Suite 600
Chicago, Illinois 60602
312.456.9300
JL File No.: 2015 PLF 1015