UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SPD, LLC, an Illinois limited liability company; and FULTON BOULDIN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST BANKS, INC., a Missouri corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No.: 1:15-cv-1443 ) ) ) ) ) ) |

## JUSTIN D. LEIGH'S SUPPLEMENTAL RESPONSE
## TO DEFENDANT'S MOTION FOR SANCTIONS

JUSTIN D. LEIGH, individually (hereinafter referred to as "Leigh") submits this supplemental response to the Motion for Sanctions of Defendant FIRST BANKS, INC. ("First Banks").

### STATEMENT OF RELEVANT FACTS

1. Leigh was admitted to the Illinois bar on May 7, 2015. *See* Exhibit 1 hereto.

2. Less than six months later, on October 28, 2015, Leigh – then a working Attorney under the supervision of Tige Johnson the named Partner of JOHNSON LAW, LLC, (hereinafter referred to as "Johnson Law") – filed an Amended Verified Complaint at Law (the "Complaint") for Plaintiffs SPD, LLC, an Illinois limited liability company ("SPD") and FULTON BOULDIN, an individual ("Bouldin"), against First Banks. That Complaint was verified by Bouldin, individually and on behalf of SPD. *See* Docket Entry No. 6, page 10 of 10.

3. On December 3, 2015, First Banks filed its motion to dismiss the Complaint and a supporting memorandum. On January 19, 2016, SPD and Bouldin (collectively, the "Plaintiffs") filed their response to that motion. On January 27, 2016, First Banks filed its reply in support of

the motion. As of this date, that motion has not been ruled upon.

4. A mere *eighteen (18) minutes* after e-filing its reply in support of its motion to dismiss, First Banks also e-filed its motion for sanctions against Plaintiffs and their counsel, globally.

5. On February 1, 2016, Leigh voluntarily terminated his association with Johnson Law in order to commence employment with The Semrad Law Firm, LLC ("Semrad Law") on February 8, 2016. Leigh understood that Plaintiffs wished for Johnson Law attorneys to continue Plaintiffs' representation in this action rather Leigh continue his representation of them after leaving Johnson Law.

6. On February 24, 2016, Leigh filed his motion for leave to withdraw as counsel for Plaintiffs, by its order of March 2, 2016, and its order of March 16, this Court excused Leigh from further representation of Plaintiffs but deferred ruling on his motion to withdraw until disposition of the sanctions motion.

7. In the interim between March 2, 2016 and March 16, 2016, on March 9, 2016, Tige C. Johnson (hereinafter referred to as "Johnson") of Johnson Law filed his appearance for Plaintiffs; and on March 25, 2016, Johnson filed Plaintiffs' response to the motion for sanctions. Leigh had no involvement in the preparation or filing of that response.

8. On March 30, 2016, First Banks filed a reply to Plaintiffs' response, supported by an affidavit of Michael A. Campbell, seeking legal fees and costs totaling $25,567.50 in connection with this case from its filing through March 30, 2016. *See* Docket Entry No. 30-1.

9. On April 1, 2016, shortly after learning of the pending sanctions motion in this case, Semrad Law terminated Leigh's employment. Leigh currently remains unemployed.

10. By its order dated April 7, 2016, this Court granted Leigh leave to file his own response to the pending sanctions motion, independent of Johnson Law or Plaintiffs, on or before

April 14, 2016.

## DISCUSSION

**I.    First Banks' Motion For Sanctions Is Premature.**

10.    The Court has not yet ruled on the motion to dismiss. Consequently, the merits of Plaintiffs' arguments – and, therefore, whether the Plaintiffs and/or their counsel satisfied the requirements of Rule 11(b)(1)-(4) – cannot properly be assessed. By filing its Rule 11 sanctions motion minutes after it filed its reply in support of its motion to dismiss and prior to this Court's ruling on the motion to dismiss, First Banks clearly chose to wield that Rule as a sword rather than a shield, seeking to chill Plaintiffs' objectively reasonable efforts to state claims arising from arguably questionable conduct by First Banks. See *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1082 (7th Cir. 1987)

**II.   The Verification Of The Complaint Suggests That A Reasonable Factual Inquiry Under The Circumstances Was Conducted.**

11.    The Complaint is verified by Bouldin on his own behalf and on behalf of SPD. First Banks has not demonstrated a sufficient factual basis that establishes that Leigh had no reason to believe the account of the facts and circumstances alleged in the Complaint as verified by Bouldin. Instead, First Banks attempts to shift that burden to Plaintiffs and their counsel, knowing full well that Plaintiffs' (and Leigh's) ability to shoulder that burden implicates attorney-client privilege concerns.

12.    Although First Banks accuses Plaintiffs of playing fast and loose with the facts, First Banks admits, in note 3 at Page 3 of its motion to dismiss, that two of the three Foreclosure Documents that it used with its forbearance agreements "mistakenly contained case numbers of another pending action that was unrelated to SPD or the Loan." In other words, First Banks

presented Plaintiffs with false forbearance documents that it attempts to minimize by, among other things, arguing at Page 5 of the motion to dismiss that "the non-existence of the alleged foreclosure lawsuit is a matter of public record that was equally available to the Plaintiffs and their counsel." As can be seen from those two documents (Exhibits B and C to the Complaint), however, there is nothing in the captions of the "Agreed Order Appointing Receiver" or the "Agreed Judgment of Foreclosure and Other Relief," respectively, that would conclusively disabuse the reader of any notion that "Case No. 2015 CH 000275" was already pending in the Peoria County Circuit Court. *See* Docket Entry No. 6-1 at Pages 21 and 27.

13. Similarly, First Banks attempts to excuse its misrepresentations on the face of Exhibits B and C by arguing, at Paragraphs 20 and 21 of the motion to dismiss, that those documents should have been suspect because they had "uncompleted blanks"; and that the "Consent Judgment [Complaint Exhibit D] is undated, and does not contain any case number at all." But at the very least, as argued by Plaintiffs in their response to that motion, such loose language in the documentation presented to Plaintiffs creates ambiguities which, as noted in Plaintiffs' response to that motion, are to be construed against their drafter, First Banks. Docket Entry No. 19, at Paras. 21-23.

14. While the allegations of the Complaint may have been aggressive, First Banks' motion to dismiss and its reply in support of that motion identify a number of fact issues that cannot be resolved merely by First Banks' *ipse dixit* assertions. At this point, therefore, it is not objectively demonstrable that the claims pled in the Complaint were not reasonably based on the law or in fact.

### III. In The Event This Court Determines Sanctions Are Warranted, Equitable Considerations Suggest No, Or A Minimal, Sanction Of Leigh.

15. "Due to the impact sanctions may have on a party or an attorney's career and personal well-being, sanctions should not be lightly imposed." *Brown v. Federation of State Medical Boards of the United States,* 830 F.2d 1429, 1437 (7th Cir. 1987) Notwithstanding First Banks' allegations and arguments to the contrary, "[c]ompensation would not be the primary motivating force behind such a sanction." *Id.,* at 1439. Rather, the court "should reflect upon equitable considerations" such as "the experience of the lawyer" and "the sanctioned attorney's (or party's) assets." *Id.* "[A] court may impose a penalty as light as a censure...." *Chwarzynski v. Tebbens,* 2008 WL 4210661 (N.D. Ill. 2008), quoting *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1187-88 (7th Cir. 1992).

16. When Leigh, acting in his capacity as an Associate Attorney for Johnson Law, filed the Complaint in October 2015, he had been licensed less than six months. In that regard he was much less experienced than the associate attorney in *Blue v. United States Dept. of the Army,* 914 F.2d 525 (4th Cir. 1990), who, although serving as primary counsel for her firm's clients, "was only eighteen months out of law school, and only six months out of a judicial clerkship." *Id.,* at 546. That Fourth Circuit Court of Appeals set aside the district court's $12,500 sanctions award against her, holding that "to place blame...on a very junior associate working on her first case for her firm...is an unrealistic and unjust result." *Id.* Notably, the *Blue* court drew upon the "equitable considerations" principles articulated by the Seventh Circuit in *Brown.*

17. Finally, Central District L.R. 11.4 mandates that documents signed by an attorney must be filed using <u>that</u> attorney's login and password; they may not be filed using a login and password belonging to another attorney. The rule mandates that a Supervising Attorney need not, in fact cannot, sign and then file a pleading filed by an Associate. The mere signing of the

pleading by a new associate and filing same in accordance with the rules does not obviate the teachings of *Blue, Id.* or *Trout v. O'Keefe*, 144 F.R.D. 587, 595 (D.D.C. 1992).

## CONCLUSION

For all of the foregoing reasons, Leigh prays that First Banks' motion for sanctions be denied as to him.

Date:   April 14, 2016                                   Respectfully submitted,

                                                         JUSTIN D. LEIGH

                                                         By: _____/s/ Robert J. Trizna_____
                                                                One of his attorneys

Robert J. Trizna (ARDC 3123760)
Tracy E. Stevenson (ARDC 6207780)
Robbins, Salomon & Patt, Ltd.
Attorneys for Plaintiff
180 N. LaSalle Street, Suite 3300
Chicago, IL   60601
(T) 312-782-9000
(F) 312-782-6690
rtrizna@rsplaw.com
tstevenson@rsplaw.com

1296359

6

**CERTIFICATE OF SERVICE**

Robert J. Trizna, one of Justin D. Leigh's attorneys, hereby certifies that on this 14th day of April, 2016, he electronically filed the foregoing with the Clerk of the United States District Court for the Central District of Illinois using the CM/ECF system; and that all participants in the case are registered CM/ECF users as to whom service will be accomplished by the CM/ECF system.

**Counsel for Defendant FIRST BANKS, INC., a Missouri corporation,**

Michael A. Campbell
POLSINELLI, P.C.
100 South Fourth Street
Suite 1000
St. Louis, Missouri 63102

**Counsel for Plaintiffs SPD, LLC, an Illinois limited liability company; and FULTON BOULDIN, an individual,**

Tige C. Johnson
JOHNSON LAW, LLC
120 West Madison Street
Suite 600
Chicago, Illinois 60602

/s/ Robert J. Trizna