UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SPD, LLC, an Illinois Limited Liability )
Company; and FULTON BOULDIN, )
An Individual, )
                 Plaintiff, )
                  )
       v. ) Case No. 15-1443
                  )
FIRST BANKS, INC., a Missouri )
Corporation, )
                 Defendant. )

## ORDER AND OPINION

This matter is now before the Court on Defendant First Banks, Inc.'s Motion [10] to Dismiss and Motion [21] for Sanctions, and Plaintiffs' counsel's Motion [23] to Withdraw as Attorney. For the reasons stated herein, Defendant's Motion to Dismiss is Granted, Defendant's Motion for Sanctions is Denied, and Attorney Leigh's Motion to Withdraw is Granted.

### Background

Plaintiffs Fulton Bouldin and SPD, LLC ("SPD") bring this action against First Banks, Inc. alleging fraud, fraudulent concealment, and fraudulent misrepresentation in connection with a loan agreement. Plaintiff Bouldin is the sole member of SPD. First Banks, Inc. is a Missouri corporation and the holding company of First Bank ("the Bank"), a registered Missouri banking corporation. First Bank is not named as a defendant in this case.

In 2010, SPD executed a promissory note in favor of the Bank evidencing a loan for $470,000. SPD executed a mortgage encumbering commercial real estate, and Bouldin executed a guaranty for the loan. The note and mortgage were modified, and the maturity date extended, multiple times. The last negotiated modification of the loan occurred on May 13, 2015, when the Bank, SPD, and Bouldin agreed to extend the maturity date of the loan to December 5, 2015.

1

That agreement required SPD and Bouldin to enter into a Forbearance Agreement and sign an Agreed Order Appointing Receiver, an Agreed Judgment of Foreclosure and Other Relief, and a Consent Judgment (together, "the Foreclosure Documents"). Bouldin received drafts of the Forbearance Agreement and Foreclosure Documents on May 14, 2015. On June 5, 2015, after their attorney negotiated several changes to the agreements, Mr. Bouldin executed the Forbearance Agreement and Foreclosure Documents. The caption in two of the three Foreclosure Documents erroneously included case numbers from an unrelated action.

## Procedural History

Plaintiffs' Amended Verified Complaint alleges that the Bank's inclusion of a case number on two of the Foreclosure Documents was an intentional act calculated to coerce Plaintiffs into signing the Forbearance Agreement, and had Plaintiffs known that no foreclosure action was currently pending against them, they would not have entered into the Agreement.

Defendant filed a motion to dismiss raising several arguments for dismissal. Plaintiffs responded to one of those arguments. Defendant subsequently filed a motion for sanctions against Plaintiffs and their counsel, Justin Leigh. Instead of responding to that motion, attorney Leigh filed a motion to withdraw. This Court's Order of March 2, 2016, advised attorney Leigh that the motion to withdraw would be held under advisement until resolution of the motion for sanctions, and granted him an extension to file a response to the motion for sanctions. Nonetheless, Mr. Leigh did not respond. The Court also granted Mr. Leigh's successor, Mr. Johnson, leave to file a supplemental response to Defendant's motion to dismiss. Mr. Johnson then filed a response to the motion for sanctions, but failed to address the motion to dismiss. On April 7, 2016, attorney Leigh filed a motion for leave to file a response to Defendant's motion for sanctions, which this Court granted.

**Legal Standard**

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in the Federal Rules of Civil Procedure 8(e). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

When a complaint alleges fraud or mistake, it must state the allegations with particularity. Fed. R. Civ. P. 9(b). A complaint will meet the heightened pleading standard of Rule 9(b) when it "show[s], in detail, the nature of the charge, so that vague and unsubstantiated accusations of fraud do not lead to costly discovery and public obloquy." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854-55 (7th Cir. 2009). Rule 11(b) of the Federal Rules of Civil Procedure provides that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to

harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversely existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11 (b).

## ANALYSIS

**1) Defendant's Motion to Dismiss**

*A) Plaintiffs did not Name the Proper Defendant*

Defendant's motion to dismiss states eight grounds for dismissal. The first ground for dismissal is that First Banks, Inc. is the wrong party defendant. Rather, Defendant argues that the correct party defendant would be "First Bank," a banking corporation registered with the Missouri Division of Finance and the party identified on the agreements submitted with Plaintiffs' Complaint. Plaintiffs' response to the motion argues that "the concealment of Defendant's address [redacted by Plaintiffs] created an ambiguity as to the identify [sic] of the contracting parties and produced an entirely new contract." Further, Plaintiffs argue that First Banks, Inc. and the Bank share a similar name and a common address, and because Defendant's motion to dismiss "utilized the limitations imposed by Local Rule 5.11(a)(1) to alter essential terms of the underlying Forbearance Agreement and create an ambiguity," the Complaint correctly named the proper defendant.

Attached to Plaintiffs' Complaint are the Forbearance Agreement and Foreclosure Documents executed between First Bank, SPD, and Bouldin. The Forbearance Agreement names the Bank, SPD, and Bouldin as parties to the contract. E.C.F. Doc. 6, Ex. 1, at 1. The signature line in that document lists "First Bank" as "Lender." *Id*. at 19. The Foreclosure Documents each

contain a caption listing "First Bank" as plaintiff. *Id*. at 21, 27, 32. None of those documents mention "First Banks, Inc."

Plaintiffs are correct that Local Rule 5.11requires litigants to redact certain personal data identifiers in documents filed with the Court. However, Plaintiffs' argument that Defendant's motion to dismiss "utilized the limitations imposed by Local Rule 5.11 (a)(1) to alter essential terms" of the underlying agreements to create an ambiguity is without merit—Local Rule 5.11 (b) imposes a duty on *the filing party* to file an unreacted document under seal when "redactions result in a documents' intent being unclear." The Court advised Plaintiffs' counsel as to the proper filing procedure when it granted Plaintiffs' motion for clarification.[1] Thus, Plaintiffs' accusation that Defendant was attempting to mislead the Court, or "displace liability onto 'First Bank,'" overlooks both the record and the Local Rules. Plaintiff's Complaint is therefore dismissed for failing to name the proper party.

*B) Plaintiffs' Failure to Address the Remaining Grounds for Dismissal*

Despite multiple opportunities to do so, Plaintiffs failed to address the remaining seven grounds for dismissal advanced in Defendant's motion, aside from stating that "Plaintiffs strongly believe their pleadings have adequately shown Mr. Bouldin to be a consumer as defined by the Consumer Fraud Act."[2] While the Court does not doubt the sincerity of Plaintiffs' belief that the Act applies to them, "when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*,

---

[1] See Text Order of Jan. 12, 2016 ("Plaintiff is directed to file unredacted document under seal and to file their Response to Defendants [10] Motion to Dismiss within 7 days of this Order. Leave to file under seal was already granted, the Courts earlier Order merely stated that since a redacted version of the document has already been filed, Plaintiff need not resubmit an additional redacted version.").

[2] After Attorney Leigh left Johnson Law, LLC, the Court granted Plaintiffs' current counsel, Tige Johnson, leave to file a response to the pending motion to dismiss. Although Mr. Johnson's filing largely responds to the pending motion for sanctions, it also makes a perfunctory argument in opposition to the motion to dismiss:
"While Plaintiffs did not respond directly to Defendant's allegations that Mr. Bouldin did not qualify as a consumer, that is because Plaintiffs strongly believe their pleadings have adequately shown Mr. Bouldin to be a consumer as defined by the Consumer Fraud Act." E.C.F. Doc. 29, at 5.

51 F.3d 1329, 1335 (7th Cir. 1995), *as amended* (Apr. 7, 1995). The Seventh Circuit addressed this issue quite clearly in *Kirksey v. R.J. Reynolds Tobacco Co.*, stating:

> Where the plaintiff has gone astray is in supposing that a complaint which complies with Rule 8(a)(2) is immune from a motion to dismiss . . . . Suppose the complaint had alleged that the defendants had violated Illinois or federal law by failing to obtain a license to manufacture cigarettes. The complaint would comply with Rule 8(a)(2), but, assuming no such license is required, it would be highly vulnerable to dismissal under Rule 12(b)(6). If the defendants filed a motion to dismiss in which they pointed out that there was no such licensing requirement, it would not be responsive of the plaintiff to say that she was not "required at this stage of the litigation to specifically characterize or identify the legal basis of the claims in the complaint." The defendants would have given reasons for dismissing the complaint despite its formal beauties, and she would have to give reasons against. Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.

*Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

Plaintiffs' perfunctory attempt to respond to the motion to dismiss by stating their "strong belief" was not, by any stretch of the imagination, a legal argument supported by citation to relevant authority. Plaintiffs failed to respond to seven of the eight grounds for dismissal raised in Defendant's motion. After Plaintiffs were granted leave to file a supplemental response to the motion to dismiss, they chose instead to respond to the motion for sanctions (aside from their "strong belief" argument). Given that Plaintiffs already amended their Complaint, "*the appropriate response to the [motion] to dismiss was to oppose the [motion] or risk abandoning the litigation.*" *Alioto v. Town of Lisbon*, 651 F.3d 715, 722 (7th Cir. 2011) (emphasis original). Thus, having failed to respond, Plaintiffs waived their claims and the defenses asserted by the Defendant are deemed admitted. *Id*.

**2) Defendant's Motion for Sanctions**

After Defendant submitted a reply brief in support its motion to dismiss, it filed a motion for sanctions. That motion alleges that Plaintiffs violated Rule 11 by: (A) stating in the Complaint that SPD and Mr. Bouldin were given three days to sign the Foreclosure Documents, "leaving insufficient opportunity to seek legal advice" when they had the documents for three weeks and their attorney actively negotiated the terms of the agreement; (B) naming the wrong party as Defendant; (C) relying on the case numbers in the foreclosure documents to support their fraud claims when a search of publicly available court records would have indicated that no foreclosure action was pending; and (D) asserting claims under the Consumer Fraud Act although Plaintiffs did not fall under the definition of "consumer" within the meaning of the Act, the loan in question was a commercial loan not covered by the Act, and the alleged misrepresentations did not give rise to a claim.

Plaintiffs' current counsel, Mr. Johnson, and former counsel, Mr. Leigh, both responded to Defendant's motion for sanctions. Mr. Johnson's response argues that although "Plaintiff[s] did not fully detail the factual situation" in their Complaint, Plaintiffs did in fact only have three days to sign the agreement once their attorney, Mr. Covey, negotiated its terms. The response further explains that although Plaintiffs did have counsel during the negotiations, Mr. Covey did not provide sufficient legal advice, and as a result, Plaintiffs signed an agreement that no competent attorney would have advised them to sign.

Mr. Leigh's belated response claims that Defendant's motion for sanctions is premature because the motion to dismiss was still pending before the Court. Mr. Leigh further argues that although "the allegations of the Complaint may have been aggressive," the verification of the Complaint by Plaintiffs suggest that a reasonable factual inquiry was conducted, and Defendant's

allegations regarding the truthfulness and diligence of Plaintiffs and their counsel are factual disputes that should be addressed through the normal course of litigation. Alternatively, in the event that the Court finds that sanctions are warranted, Mr. Leigh requests that the Court take into account equitable considerations, such as his lack of experience, to mitigate any potential sanction.

*A) Allegations Concerning the Foreclosure Documents*

Defendant argues that Plaintiffs' allegation in the Complaint that "SPD and Mr. Bouldin were given three (3) days to sign the Forbearance Agreement, leaving insufficient opportunity to seek legal advice" was a false statement that violated Rule 11's prohibition against filings "that are not reasonably based in the law or in fact." E.C.F. Doc. 30, at 2 (citing *Burda v. M. Ecker Co.*, 954 F.2d 434, 439 (7th Cir. 1992)). Plaintiffs had three weeks, from May 14, 2015, to June 5, 2015, to sign the Agreement, and the Complaint accurately states as much. See E.C.F. Doc. 4 at ¶ 22. However, because Plaintiffs retained Mr. Covey to negotiate the terms of the Agreement, it appears that Plaintiffs only had a few days to sign the final draft. See E.C.F. Doc. 21, Ex. 4. Thus, while the Complaint's statements regarding the time provided to sign the Agreement were far from clear, construing the claims liberally—i.e., Plaintiffs were given three days to sign the *finalized* Agreement—the Court will find, although reasonable minds can differ, that the statement did not amount to a violation of the duties imposed on litigants under Rule 11. See Fed. R. Civ. P. 11(b).

Whether Plaintiffs and their counsel, Mr. Leigh, violated Rule 11 by representing that Plaintiffs were given "insufficient opportunity to seek legal advice" is an even closer call. As stated above, Plaintiffs were in fact represented by counsel, and Mr. Covey actively participated in negotiating the terms of the Agreement. By including the statement in the Complaint that

"SPD and Mr. Bouldin were given three (3) days to sign the Forbearance Agreement, leaving insufficient opportunity to seek legal advice" while omitting the fact that Plaintiffs were represented, Plaintiffs and their counsel, Mr. Leigh, arguably failed to "state with particularity the circumstances constituting fraud," as required by Rule 9. See Fed. R. Civ. P. 9(b). However, the Court is also mindful that the objective of counsel when drafting a complaint is simply to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Here, applying a very generous interpretation of the offending statement, one could conclude that due to the limited amount of time, Plaintiffs were forced to find the nearest attorney, or that their attorney was himself unable to provide extensive legal counseling to Plaintiffs on such short notice. The statement in the Complaint may not have been sufficient to meet the heightened pleading requirements of Rule 9, but at this stage the Court does not conclude that the statement lacks factual support. Additionally, Mr. Leigh did not persist in advocating this statement after the filing of the Complaint. Thus, the Court finds that Mr. Leigh's conduct did not violate Rule 11.

Because Mr. Johnson was not the attorney of record when the motion for sanctions was filed, the Court directed him "to file a motion for leave to respond to Defendant's pending Motion [10] to Dismiss." Mr. Johnson then filed a motion for leave to file responses to Defendant's pending motions, which this Court granted. Instead of responding to the motion to dismiss, he submitted a response to the motion for sanctions. Unlike Mr. Leigh, Mr. Johnson's response to the motion for sanctions attempts to displace responsibility for the misleading statement by arguing that while Plaintiffs were indeed assisted by counsel, Mr. Covey "did not provide sufficient legal advice to Plaintiffs" which resulted in Plaintiffs signing an agreement

9

"that no competent attorney would have advised them to sign."[3] The Court is cognizant of the fact that Mr. Johnson made no attempt to substantiate the allegations of Mr. Covey's incompetence. Mr. Johnson's response goes on to define competence as "knowledge of Forbearance Agreements, foreclosure law, and the foreclosure process." E.C.F. Doc. 29, at 4. As Defendant rightly points out, a simple internet search of Mr. Covey's name shows that he has over 30 years of legal experience handling bankruptcy cases and providing debt relief services. E.C.F. Doc. 30, at 4. Mr. Johnson's adoption of the drafted statement in the Complaint is troubling in and of itself. Adding unsupported allegations about Mr. Covey's professional competence is even more troubling. At the very least, an apology to Mr. Covey is not out of order. Having said that, "Rule 11 states that the signature verifies that the paper is 'well grounded in fact,' not that all the facts are contained in the paper." *Frantz v. U.S. Powerlifting Fed'n*, 836 F.2d 1063, 1068 (7th Cir. 1987). The Court will not order Rule 11 sanctions against Mr. Johnson.

    *B) Naming the Wrong Party Defendant*

Defendant also moves for sanctions on the grounds that Plaintiffs and their counsel failed to conduct a reasonable inquiry when they named First Banks, Inc. as Defendant. In addition, Defendant asserts that Mr. Leigh's response to the motion to dismiss, arguing that the holding company somehow became a proper party once Plaintiffs redacted the Agreement, violated Rule 11(b)(2) because it was not a reasonable legal argument. The substantive merits of Plaintiffs' argument have already been discussed and discarded in the Court's discussion of the motion to dismiss. But while Plaintiffs' argument may have been peculiar, it was not so far afield as to warrant sanctions under Rule 11. As Defendant admits, Mr. Leigh must have conducted *some*

---

[3] Although Mr. Johnson was not the attorney of record when the Complaint was filed, his response to the motion for sanctions brings him within the reach of Rule 11. See Fed. R. Civ. P. 11(b) "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, *or later advocating it*—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . ." (emphasis added).

inquiry in order to name the holding company, First Banks, Inc. It appears that Mr. Leigh performed a search of Missouri's corporate register, where he found First Banks, Inc., but not First Bank, because the Bank was registered separately as a banking corporation with the Missouri Division of Finance. Both the Bank and the holding company shared the same address. Thus, while Plaintiffs' hybrid corporate veil piercing and contract ambiguity argument was rejected by the Court, that claim was properly addressed under Rule 12, not Rule 11.

    *C) Fraud & D) Consumer Fraud Claims*

Defendant also moves for sanctions against Plaintiffs and their counsel for relying on the case numbers in the foreclosure documents to support their fraud claims when a search of publicly available court records would have indicated that no foreclosure action was pending. Similarly, Defendant moves for sanctions because the Consumer Fraud Act does not apply to commercial transactions and Plaintiffs were not consumers as defined by the Act. See 815 ILCS 505 *et seq*. As discussed above, because Plaintiffs failed to respond to Defendant's Motion to dismiss, they waived those claims. *Alioto*, 651 F.3d 715, 722 (7th Cir. 2011). However, Defendant's motion for sanctions attempts to transform an argument appropriately raised in a motion to dismiss into a basis for sanctions. Further, Defendant's motion to dismiss acknowledges that non-consumers may bring an action under the Consumer Fraud Act in certain circumstances. E.C.F. Doc. 11, at 16. Thus, although Plaintiff's fraud and consumer fraud claims were properly dismissed for failure to respond, the Complaint set forth a non-frivolous legal claims that comported with the requirements of Rule 11.

**3) Defendant's Bill of Costs**

Defendant requests that this Court sanction Plaintiffs and their counsel and award attorney's fees to Defendant in excess of $25,000. In calculating attorneys' fees a district court should determine the reasonable number of hours expended and the reasonable hourly rate for such expenditures. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187 (7th Cir. 1992) (citing *Harman v. Lyphomed, Inc.,* 945 F.2d 969 (7th Cir.1991)). If the Court determines that Rule 11 was violated, it "may impose a penalty as light as a censure or as heavy as is justified." *Id*. The Seventh Circuit has held that an award of $5,546 for defense counsel's fees related to drafting a seven page responsive pleading was excessive. *Kotsilieris*, 966 F.2d at 1188. Similarly, Defendant's requested fees for the preparation of an eight page reply memorandum—about five pages of argument—exceeds $4,000. See E.C.F. Doc. 30, Ex. 1. If Plaintiffs' claims were truly as baseless as Defendant suggests, the Court would nevertheless decline to award such an excessive sum as requested by Defendant. See *Kotsilieris*, 966 F.2d at 1188 ("Indeed, if we were generally enthusiastic about sanctions it could be argued that the defense's claim for such a sum for this simple oversight problem is itself sanctionable.").

In short, untrue statements in the Complaint were compounded by unfounded allegations in later pleadings attempting to save the Complaint and avoid sanctions. These problems were further compounded by what might initially have been a reasonable request for sanctions, turned unreasonable by the amount requested. As such, the Court chooses to conclude the matter in this manner.

**CONCLUSION**

For the reasons stated above, Defendant's Motion [10] to Dismiss is GRANTED, Defendant's Motion [21] for Sanctions is DENIED, and Attorney Leigh's Motion [23] to Withdraw is GRANTED. Plaintiffs' Complaint is DISMISSED without prejudice. This Matter is now terminated and all pending Motions are moot.

Signed on this 4th day of May, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
